**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00693-JLK

LION'S GATE CENTER, LLC,

 Petitioner,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,

 Respondent.

ORDER DENYING MOTION TO DISMISS AND GRANTING PETITONER'S EXTENSION OF TIME

Kane, J.

 Before me is Defendant's Motion to Dismiss, Doc. 11.  The issue is whether the case should be dismissed for failure to prosecute/timely perfect service of process, and the matter is ripe for resolution without recourse to a Reply.  Simply, Petitioner's counsel misread the service requirements of Fed. R. Civ. P. 4 and incorrectly believed his timely service upon the United States Attorney for the District of Colorado was effective service upon Respondent theUnited States Department of Agriculture (USDA") as well; in fact, Fed. R. Civ. P. 4 requires a party petitioning a United States agency to serve three parties: (1) the U.S. Attorney for the district where the action is brought; (2) the U.S. Attorney General in Washington, D.C.; and (3) the agency sued.

 When Petitioner's counsel learned of his error, he immediately served the U.S. Attorney General in Washington, D.C and the USDA itself in Washington, D.C., but this service was outside the 120 day deadline imposed by Fed. R. Civ. P. 4.  Where a party has failed to effect timely service, that party may avoid dismissal if it shows "good cause for the failure" to complete service. Fed. R. Civ. P. 4(m).  Additionally, where a petitioner fails to show good

cause, I must still consider whether to award a permissive extension of time. *Espinoza v. United States,* 52 F.3d 838, 839 (10th Cir.1995).Whether the negligence or good faith mistake of counsel here constitutes "good cause," I declined to decide, because a permissive extension is warranted.  Petitioner's counsel speedily corrected his mistake and Respondent has not demonstrated any prejudice that it would suffer from an extension of time being granted.  In the interest of saving this Court and the parties from the duplicative filing that would likely follow a dismissal, I DENY Respondent's Motion to Dismiss, Doc. 11, and GRANT Petitioner's request for extension of time.  Defendant must Answer or otherwise file a responsive pleading by April 3, 2013.

DATED:  March 13, 2013                                    BY THE COURT:
                                                          */s/John L. Kane*
                                                          U.S. Senior District Judge