**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00693-AP

LION'S GATE CENTER, LLC,

      Petitioner,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,

      Respondent.

---

## JOINT CASE MANAGEMENT PLAN

---

**1.**      **APPEARANCES OF COUNSEL**

<u>For Petitioner:</u>
Jay Wayne Swearingen
Juliet R. Piccone
Jennifer Reba Edwards
The Animal Law Center, LLC

<u>For Respondent:</u>
Juan G. Villaseñor
Assistant United States Attorney
United States Attorney's Office

**2.**      **STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

      Jurisdiction is conferred on this Court pursuant to 7 U.S.C. § 2146(c), as well as 28 U.S.C. §

1331.

**3.**      **DATES OF FILING OF RELEVANT PLEADINGS**

      **A.**      **Date Petition for Review/Complaint Was Filed:** August 2, 2012.

      **B.**      **Date Petition for Review Was Served on U.S. Attorney's Office:** September 6,

      2012.

   **C.      Date Answer or Other Response Was Filed:**  March 21, 2013.

**4.      STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

   Respondent does not believe this case raises unusual claims or defenses.  In response to Petitioner's statements below, Respondent notes that Petitioner did not challenge the applicable regulations, nor did it allege a due process violation, with the administrative law judge or the judicial officer (the final agency adjudicator) of the United States Department of Agriculture ("USDA").

   Petitioner/Complainant believes this case does raise unusual claims that the USDA acted arbitrarily and capriciously in denying an exhibitor's license to the Petitioner and that the regulations adopted by the USDA, and its interpretation of those regulations is not consistent with the congressional intent of the enabling legislation and denies Petitioner due process.

**5.      OTHER MATTERS**

   Petitioner believes that the Animal and Plant Health Inspection Service ("APHIS") of the USDA has refused to conduct an inspection and or report on the suitability of the Petitioner to be granted an exhibitor's license, due to the denial or Petitioner's license based on the denial or surrender of a license granted years previously to a person who died several years ago.  Petitioner believes that an inspection and report by APHIS on the Petitioner would benefit the Court and could lead to a settlement of this matter.

   Respondent believes that Petitioner's above contention is wholly without merit.  As noted by the administrative law judge, Petitioner agreed that the issues presented were legal in nature and that no evidentiary hearing, or any such investigation, would be required:

>    Following a telephonic conference in the case on February 9, 2011, the parties agreed that the issues in the case were of law rather than of fact and that disposition could be effected by briefs and affidavits rather than by holding an evidentiary hearing.

AR at 565 (5/9/11, Decision and Order on Remand).

6.      **BRIEFING SCHEDULE**

    A.      **Deadline for Filing Administrative Record:** April 26, 2013.

    B.      **Deadline for Parties to Confer on Record Disputes:**  May 24, 2013.

    C.      **Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:** June 21, 2013.

    D.      **Petitioner's Opening Brief Due:** July 19, 2013.

    E.      **Respondent's Response Brief Due:** August 16, 2013.

    F.      **Petitioner's Reply Brief (If Any) Due:** August 30, 2013.

7.      **STATEMENTS REGARDING ORAL ARGUMENT**

    A.      **Petitioner's Statement:** Petitioner does request oral argument.  Petitioner believes that there are some points which would be more effectively and clearly presented by oral argument regarding certain facts in the record.  Petitioner also asserts that there are equitable arguments which are not easily presented in writing.

    B.      **Respondent's Statement:** Respondent does not believe that oral argument will be needed.

8.      **CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

At this time, it appears that there is not a Magistrate Judge assigned to the case and the parties are unable to determine whether they should consent.

*<u>Indicate below the parties' consent choice.</u>*

    A.      **(  )      All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    B.      **( x )      All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

9.      **OTHER MATTERS**

  Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 5.1G. by submitting proof that a copy of the motion has been served upon all attorneys of record and all pro se parties.  Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1E. by serving such motion on the <u>Moving Attorney's Client</u>.

10.     **AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

  The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.

  DATED this 10th day of April, 2013.


            BY THE COURT


            ***s/John L. Kane***
            John L. Kane
            U.S. District Court Judge

APPROVED:


            JOHN F. WALSH
            United States Attorney


<u>/s/Jay Wayne Swearingen</u>     s/Juan G. Villaseñor
Jay Wayne Swearingen, Reg. #4842  JUAN G. VILLASEÑOR
The Animal Law Center, LLC    Assistant United States Attorney
4465 Kipling St. Suite 108     United States Attorney's Office
Wheat Ridge, Colorado 80033   1225 Seventeenth Street, Suite 700
Telephone: (303) 322-4355    Denver, CO 80202
jws@theanimallawcenter.com   Telephone: (303) 454-0185
Attorney for Plaintiff       E-mail: juan.villasenor@usdoj.gov
            Attorneys for Respondent